**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANTHONY VALDEZ,

    Petitioner,

-vs-                                                Case No.  8:10-CV-1766-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Before the Court is Petitioner's Motion for Leave of Court to Conduct Discovery ("motion") (Dkt. 16). With his motion, Petitioner filed his "Proposed Interrogatories" (Dkt. 16-1 at pp. 1-2) and "Proposed Request for Documents" (Dkt. 16-1 at pp. 3-4).  Petitioner moves to take discovery in support of Ground Two of his petition, to wit, that trial counsel was ineffective in failing to call the booking officers to testify during the motion to suppress hearing.

### **Discussion**

"A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Rules Governing Section 2254 Cases provides, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

"Good cause is demonstrated where specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he . . . is entitled to relief." *Arthur v. Allen*, 459 F.3d 1310, 1310-1311 (11th Cir. 2006) (citations and internal quotation marks omitted). A petitioner cannot show good cause for discovery unless the underlying facts, if proven, constitute a constitutional violation. *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004).

Petitioner essentially asks the Court to take discovery from booking officers at Hillsborough County Jail in order to establish that he was intoxicated when he waived his *Miranda* rights, and to establish that Detective Weeks presented false testimony during the motion to suppress hearing that he did not remember who told him that Petitioner had been arrested, but would be difficult to interview because he was intoxicated. During the post-conviction evidentiary hearing, Petitioner's trial counsel testified in pertinent part that he presented evidence that Petitioner was intoxicated at the time of his arrest through Petitioner's medical records and the testimony of Dr. Rao (Respondent Ex. 27 at p. 620). He also testified that he did not "see any point in" calling the jail nurses or deputies to testify because he believed he had established through the evidence he had presented, Dr. Rao's testimony and the medical records, that Petitioner was intoxicated (Id.). Further, based on his experience in nearly 100 prior personal injury cases, "in a jail setting, nobody remembers anything for the number of months passed between the time he was booked and [the] time of the suppression hearing." (Id. at p. 610).

"Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Further, "which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Rhode v. Hall*, 582 F.3d 1273, 1284 (11th Cir. 2009) (citation and brackets omitted). Counsel's tactical decision not to call the booking deputies was a reasonable one.

Petitioner has not demonstrated reason to believe that if allowed to conduct discovery he will be able to demonstrate that he is entitled to relief. Thus, he has fallen short of the showing he must make in order to be granted leave to conduct discovery.

Finally, to the extent Petitioner requests appointment of counsel (Dkt. 16 at p. 4), there is no automatic constitutional right to legal representation in federal habeas corpus proceedings. *See Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). Appointment of counsel prior to an evidentiary hearing is necessary if the petitioner qualifies to have counsel appointed under 18 U.S.C. § 3006A. *See* Rule 8(c), Rules Governing Section 2254 Cases (2011). Otherwise, appointment of counsel is only warranted when due process or the interests of justice require it. *McBride v. Sharp*, 25 F.3d 962, 971 (11th Cir. 1994); *Hooks*, 775 F.2d at 1438. Petitioner has not demonstrated that appointment of counsel is necessary at this stage of these proceedings.

In the event that the Court decides that an evidentiary hearing is required in this matter, it will notify Petitioner of that decision, and an attorney will be appointed to represent

him if he meets the criteria found at 18 U.S.C. § 3006(A).  *See* 28 U.S.C. § 2254(h);  Rule 8( c), Rules Governing Section 2254 Cases.

Accordingly, the Court **ORDERS** that Petitioner's Motion for Leave of Court to Conduct Discovery (Dkt. 16) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 11, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
         Counsel of Record