## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTHONY VALDEZ

    Petitioner,

v.                                             CASE NO:  8: 10-CV-1766-T-30EAJ

ATTORNEY GENERAL, STATE OF
FLORIDA, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, timely filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the petition, Respondents' response (Dkt. # 10) and Petitioner's reply (Dkt. # 15). Upon review, the Court determines that the petition must be denied because the petitioner has not met the burden of rebutting the presumption of correctness of a factual finding made by a state court.

## BACKGROUND

Petitioner was charged with one count of robbery for an incident on  March 4, 2003, and with one count each of robbery, car jacking, burglary of a dwelling with assault or battery, and armed burglary of a dwelling for an incident on March 9, 2003. (Dkt. # 13, Ex. 1, 2).

Prior to each trial, Petitioner raised a motion to suppress his statements contending he did not knowingly, voluntarily, and intelligently waive his right to remain silent because he was intoxicated at the time he made the statements. (Dkt. # 13, Ex. 3). At the motion to suppress hearing Detective Palidini and Detective Hevel testified that, based on their training and experience, they felt comfortable in their ability to ascertain when someone is intoxicated. Each testified that Petitioner was able to answer their questions appropriately and consistent with the facts discovered during the investigation. And both detectives asked Petitioner if he was intoxicated, and Petitioner informed both that he was not intoxicated, he was just very tired. (Dkt. # 13, Ex. 5).

Dr. Rao testified as an expert witness for the Petitioner. He concluded intoxication was one explanation of Petitioner's symptoms, but days without sleep would have also explained his symptoms. Dr. Rao also testified that if Petitioner was able to answer questions about the facts of the case he would also be able to comprehend questions about having a right to counsel. (Dkt. # 13, Ex. 5).

Detective Weeks, a detective investigating offenses allegedly committed by Defendant in Pasco County, testified he was advised by someone at the Hillsborough Country Sheriff's Office that "it might be a little difficult to speak with him because he was extremely on what appeared to be heroin." He testified he did not know what agency, what office, what department, or what person called. Detective Weeks did know that it was neither Detective Palidini nor Detective Hevel because he was familiar with them both. (Dkt. # 13, Ex. 5).

At the evidentiary hearing, Petitioner admitted that he had used heroin immediately before being arrested. (Dkt. # 13, Ex. 5, Tr. 298). Petitioner claims he was intoxicated at the time of his interview and had no recollection of the confession. (Dkt. # 13, Ex. 5). The judge found the detectives testimony more credible than that of Petitioner. He found all statements admissible at trial, and the motions to suppress were denied. (Dkt. # 13, Ex. 5, 6).

Petitioner filed direct appeals. (Dkt. # 13, Ex. 9, 10). The appeal in one case (case number 2D04-1944) alleged an error in the trial court's denial of the motion to suppress. (Dkt. # 13, Ex. 9). The Second District Court of Appeal per curiam affirmed that conviction. *Valdez v. State*, 905 So.2d 137 (Fla. 2nd DCA 2010); (Dkt. # 13, Ex. 13). Petitioner moved for rehearing, which the appellate court denied. (Dkt. # 13, Ex. 14).

The appeal in the other case (case number 2D04-2503) also alleged an error in the trial court's denial of the motion to suppress, among other issues. (Dkt. # 13, Ex. 10). The Second District Court of Appeal reversed on one issue, but affirmed the trial court's decision on the motion to suppress. *Valdez v. State*, 915 So.2d 636 (Fla. 2nd DCA 2010); (Dkt. # 13, Ex. 18).

Petitioner pursued Motions for Post-Conviction Relief as to both convictions. These petitions ultimately raised eight claims of ineffective assistance of counsel for failing to:

    (1)    call witnesses at the suppression hearing,

    (2)    obtain an enhancement waiver from the victim,

    (3)    file a motion to suppress certain testimony,

    (4)    investigate petitioner's mental history,

    (5)    file a change of venue motion,

   (6)  move for a downward departure,

   (7)  move to discharge the amended information, and

   (8)  file a motion to dismiss.

On January 24, 2007, the postconviction court summarily denied some issues and ordered the State to respond to the remaining grounds for relief, including ineffective assistance of counsel for failure to call witnesses at the motion to suppress hearings. (Dkt. # 13, Ex. 24, 26). The postconviction court then held a joint evidentiary hearing. (Dkt. # 13, Ex. 27).

While Petitioner did not include the failure to introduce the booking video as part of his motion for post-conviction relief, it was addressed at the evidentiary hearing. Since the postconviction court considered the merits of the booking video argument, this Court will consider the claim on the merits rather than as procedurally barred.

Petitioner claims that counsel should have called the booking deputies and jail nurses at the motion to suppress hearing. He contends their testimony would have shown that Petitioner was intoxicated and unable to waive his *Miranda* rights. Petitioner's trial counsel testified at the evidentiary hearing that he called a doctor as a witness, and not the jail nurses present at the time of the booking, because nurses generally can't remember individual defendants and just rely on their notes to testify. (Dkt. # 13, Ex. 27). Counsel said he did not know about the existence of a booking video (in addition to the booking photo he used) because Petitioner never asked him to look into it. He also said Petitioner never asked him to find the nurses or booking deputies. However, Counsel testified that he believed the

booking photo, medical records, and doctor's testimony would be sufficient to prove that the defendant was intoxicated. (Dkt. # 13, Ex. 27). The postconviction court made a finding of fact that these decisions were ones of trial strategy and not ineffective assistance of counsel. (Dkt. # 13, Ex. 28). Petitioner appealed and the Second District Court of Appeal affirmed. *Valdez v. State*, 33 So.3d 44 (Fla. 2nd DCA 2010); (Dkt. # 13, Ex. 33).

In the petition now before this Court, Petitioner brings two grounds for ineffective assistance of counsel in his Petition for Writ of Habeas Corpus. Petitioner claims ineffective assistance of counsel at the motion to suppress hearing for failure to: (1) call the jail nurses or present the booking video and (2) call the booking deputies to testify.

## **STANDARD OF REVIEW**

A writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or" (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" pursuant to 28 U.S.C. §2254(d). This Court must presume determinations of factual issues to be correct, and the applicant has the burden of rebutting this presumption by clear and convincing evidence pursuant to 28 U.S.C. §2254(e).

It is well-established that to prevail on an effective assistance claim, the accused must first show that his "counsel's performance was deficient" and then must show that the

deficient performance prejudiced the outcome of his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong under *Strickland*, the accused must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## **DISCUSSION**

Petitioner's claims will be discussed together. Petitioner argues counsel's failure to call the jail nurses and booking deputies as witnesses, and show the booking video rather than his booking photo, was deficient performance. He claims this deficient performance led to a wrongful denial of his motion to suppress. He contends, as he must, that had this evidence been suppressed, the jury would have found him not guilty.

Petitioner's counsel testified at the evidentiary hearing that, based on his experience, nurses have no independent recollection of the patients and rely on their notes. Counsel said he had no knowledge of the existence of a booking video, and even if he had, he did not think it was necessary to prove intoxication. Counsel further testified that he did not feel the need to call the booking deputies because he believed he had more than enough proof to demonstrate intoxication.

Two of the nurses who interacted with Petitioner during the time of his booking testified at the evidentiary hearing. They said they had no independent recollection of Petitioner. Both nurses relied on their notes and the booking video when asked to explain Petitioner's condition when he arrived at the nurse's station. The nurse's lack of memory of Petitioner's condition corroborates the expectations of trial counsel.

Calling the nurses instead of the doctor may have even damaged Petitioner's case. The nurses' testimony supported the State's claim that Petitioner was lucid at times and able to give a voluntary statement to the police. Nurse Trautman testified she would not ask someone questions if she thought they seemed stuporous. She was able to ask Petitioner questions because she could not have gotten the information on the medical forms without asking Petitioner. Nurse Trautman testified that, based on the medical forms, it appeared the defendant was lucid enough to answer the questions. And Nurse Trautman confirmed that Petitioner was able to sign the bottom of the medical screening report. This information would have been detrimental to Petitioner's case.

Petitioner claims that the booking video would have shown he was so intoxicated that he needed to be in a wheelchair. However, Petitioner admits in his own Petition that "the photo shows Petitioner seated in a wheelchair obviously intoxicated." This corroborates counsel's argument that he did not feel it was necessary to find any more evidence of Petitioner's intoxication because that evidence would have been cumulative.

Petitioner further argues that the booking deputies should have been called as witnesses to testify that "it was not their practice to call detectives form (sic) other Counties to advise them on the state of mind of an arrestee." Petitioner suggests that this statement would prove Detective Hevel and Detective Palidini were lying when they testified they never called Detective Weeks to tell him Petitioner was too intoxicated to be interviewed. The trial court found that neither Detective Hevel nor Detective Palidini called Detective Weeks to advise him of Petitioner's condition.

The postconviction court made a finding of fact that counsel made a tactical decision not to call the nurses or booking deputies as witnesses, and not to present the booking video as evidence during the motion to suppress hearing. "(S)trategic decisions do not constitute ineffective assistance of counsel if alternate courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." *Occhicone v. State*, 768 So.2d 1037, 1048 (Fla. 2000). This Court is bound by the postconviction court's findings of fact unless Petitioner presents clear and convincing evidence that it made an unreasonable determination in light of the evidence before it. 28 U.S.C. §2254(d). Petitioner did not overcome this burden because no deficient performance has been shown, the first prong of *Strickland*.

Petitioner also fails to meet the second prong requiring that he demonstrate prejudice, i.e., that the outcome of the proceeding would have been different. The nurses and booking deputies testimony and the booking video would have added very little to the evidence trial counsel presented through the doctor, medical records, and booking photo. Thus, he has not shown that the result of the suppression hearing would have been different had the evidence been presented.

And even if the confession had been suppressed, the evidence presented at trial was sufficient to support the conviction without the confession. As Petitioner points out in his own appeal of case number 2D04-1944, the trial transcript shows Sandra Hanna, the bank teller who handed Petitioner a job application immediately before the robbery took place, was able to identify the Petitioner from a photopak. Petitioner also cites the record showing

another witness, Janice Keener, had been doing drugs with Petitioner the day before and the day of the incident. She testified that she observed Petitioner going into the bank with an athletic bag and a small revolver and leaving with a bag full of money. After telling her family what she saw, her family called the police.

And in the other case, Petitioner acknowledged the victim, Wes McCracken, identified Petitioner from a photo. McCracken had spent a significant period of time with the Petitioner both in the victim's house and in the victim's car. Further, Petitioner cited the record showing Donna Ioannidis, a serologist, testified that Petitioner's DNA was found both at the victim's house and in the victim's car. Petitioner cited the serologist as testifying the frequency statistic for the DNA match as being one in 14 trillion.

## **CONCLUSION**

The postconviction court's finding of no ineffective assistance of counsel is binding unless it was an unreasonable determination of the facts in light of the evidence presented. The postconviction court's finding was not unreasonable. Therefore, the petition must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.
2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on July 26, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-1766.deny 2254.wpd*